NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOANDY FERNANDEZ-MORALES, | No. 23-15891 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00679-CDS-EJY |
| v. | |
| BEN GUTIERREZ; LANDSMAN, Dr; DRASEN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted February 18, 2025[**]

Before:     SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Nevada state prisoner Yoandy Fernandez-Morales appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment because Fernandez-Morales failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating Fernandez-Morales's gastritis. *See id.* at 1057-60 (prison officials act with deliberate indifference only if they know of and disregard a risk to the prisoner's health; medical malpractice, negligence, or difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**